1909, 1917.  PENNINGTON & EVANS *v.* DOUGLAS, AUGUSTA & GULF RAILWAY COMPANY and *vice versa.*

"For service upon a railroad corporation to be effective by reason of service upon an agent, the agent must at the time of the service be its agent."

Action for penalty, from city court of Douglas—Judge Roan. February 26, 1909.

Submitted June 28,—Decided November 9, 1909.

On February 25, 1908, Pennington & Evans filed this suit in the city court of Douglas.  On February 29, 1908, the sheriff of that court made the following return:  "I have this day served the defendant's agent C. B. Gibson personally with a true copy of the within petition and process."  At the first term of the court C. B. Gibson filed in court a sworn statement, in the nature of a traverse of the return, stating that at the time of the service of the copy of the petition, he was not the agent of the Douglas, Augusta & Gulf Railway Company, but that several months prior to that time the Douglas, Augusta & Gulf Railway Company had conveyed all of its property and assets of every kind to the Georgia & Florida Railway.  He denied the return of the sheriff, and prayed that the sheriff be made a party to the traverse; which was done. At the same time a paper signed by Wm. H. Barrett and J. W. Quincey, attorneys, was filed, stating that the entry appearing on the original petition and signed by the sheriff was not true, for the reason that C. B. Gibson was not, at the time of the alleged service, the agent of the Douglas, Augusta & Gulf Railway Company; also that at the time of the filing of the suit, the Douglas, Augusta & Gulf Railway Company was not an existing corporation, having prior to that time conveyed all of its property and assets to the Georgia & Florida Railway, and had relinquished its corporate rights according to the laws of Georgia.  It was prayed that the sheriff be made a party to the traverse; and this was done by order of the court.  This paper was sworn to by John Skelton Williams,

who stated, in his affidavit, that he was the president of the Douglas, Augusta & Gulf Railway Company from the 11th day of May, 1906, until the said company sold and conveyed to the Georgia & Florida Railway all of its assets and had been dissolved, which was in the fall of 1907; that since that time the Douglas, Augusta & Gulf Railway Company had not engaged in any kind of business, and that all of its franchises had been in the possession of and operated by the Georgia & Florida Railway, a corporation under the laws of this State. As the point is made in this court that this plea to the jurisdiction, or traverse as it may be called, was not a pleading of the defendant in the case, the specific point being that it was signed by Messrs. Barrett and Quincey not as defendant's attorneys, but merely as "attorneys," we may state that it is identified as a pleading of the defendant in the case, by the fact that it is entitled in the cause and is expressly referred to in the demurrer of the defendant (which was filed at the same time), as "the plea in abatement, and traverse of the sheriff's return, filed by the defendant." It is further clear, from the recitals of the bill of exceptions, that the court and counsel treated this as a traverse and a plea in abatement filed by the defendant. The issues raised by the traverse and plea in abatement were heard, by consent, before the judge of the city court, without a jury. The sheriff amended his return so that it read as follows: "I have this day served the defendant by delivering to the defendant's agent, C. B. Gibson, personally, a true copy of the within petition and process, this 29th day of February, 1908." On February 26, 1909, the judge of the city court passed an order finding against the traverse and the plea in abatement. He also sustained demurrers to the plaintiff's petition. The plaintiff complained, in the main bill of exceptions, of the sustaining of the demurrers; and the defendant, by cross-bill, complained of the failure of the judge to sustain the traverse and plea in abatement. Under the conclusion reached by the court as to the matters involved in the cross-bill, it will not be necessary to decide the questions raised in the main bill; for the cross-bill, as it will appear, controls the entire case. It is necessary, therefore, that we should set out in brief the testimony taken on the hearing of the plea in abatement, and of the traverse to the return of the sheriff. It appears that prior to August 12, 1907, Gibson, the person served,

had been the agent at Douglas, Ga., for the Douglas, Augusta & Gulf Railway Company. On that day the Douglas, Augusta & Gulf Railway Company executed what purported to be a complete sale of all its property and franchises to the Georgia & Florida Railway. The service upon Gibson was not made at the railway's place of business, but was made in a barber shop; so the question as to whether the service was good, on the theory that it was left at the defendant's place of business, is not involved. Neither at the time of the sale referred to above, nor at the time when the service was made, were the railway lines which had been operated by the Douglas, Augusta & Gulf Railway Company physically connected with the railway lines which had been previously operated by the Georgia & Florida Railway, though the latter corporation was in process of building connecting links, with the view of making a continuous railway line out of several short lines.

*Hendricks & Christian, Spencer R. Atkinson,* for plaintiffs.
*William H. Barrett, J. W. Quincey,* for defendant.

POWELL, J. (After stating the foregoing facts.) We are of the opinion that service upon Gibson was not good as service upon the defendant. It was held in *Cherry* v. *North & South R. Co.,* 59 *Ga.* 447, that "for service upon a railroad corporation to be effective by reason of service upon an agent, the agent must at the time of the service be its agent." This ruling was cited approvingly by the Supreme Court in *Ocean Steamship Co.* v. *Wilder,* 107 *Ga.* 226 (33 S. E. 179). It is unequivocally shown by the testimony that at the time of the service in this case, the alleged agent was not in fact an agent of the defendant company, but was employed by another corporation. It is true that he was agent for a corporation which was controlling property and operating franchises formerly controlled and operated by the defendant, but this fact is immaterial. The case of *Perry* v. *Brunswick & W. Ry. Co.,* 119 *Ga.* 819 (47 S. E. 172), is directly in point and controls as to this proposition. Even should we concede that the sale from the Douglas, Augusta & Gulf Railway Company to the Georgia & Florida Railway was invalid for any of the reasons presented in the able argument of counsel of plaintiff, the proposition announced above would not be affected in any wise. The physical fact remains that the contract agency between Gibson and the defendant

had been terminated before the service of the process; and that is the controlling fact. No matter what the defendant's excuse for severing that relation was, the relation had been severed; and the question as to the legality of the sale which defendant made to the Georgia & Florida Railway, and which probably prompted defendant to sever the relation and prompted the other company to employ Mr. Gibson, is wholly collateral and immaterial.

Counsel for the plaintiff say that the court was authorized to disregard this plea in abatement and traverse, on the ground that it showed that the defendant's existence as a corporation had ended, and that John Skelton Williams, who swore to the answer, was not the president of the defendant company, but merely its former president, and therefore not authorized to verify it. We think that wherever there is an effort to sue a defunct corporation, the pleadings necessary to bring to the attention of the court the fact that the defendant is not subject to suit and is not subject to the jurisdiction of the court may be presented and verified by those who were last in charge of the defunct company's affairs. It is plain that there should be some way of bringing these facts to the attention of the court; for, otherwise, the court would be allowed to proceed with a case as to which it had no jurisdiction, and which could have only a fruitless termination. A dead man can not suggest his own death to the court, but the court will always abate the proceedings when the death of the defendant is suggested and properly shown and no new party is made. In those States in which the common-law precedents are followed such matters may be brought to the attention of the court even by amicus curiæ. Haley *v.* Eureka Bank, 21 Nev. 127 (26 Pac. 64, 12 L. R. A. 815, and cit.) ; 19 Enc. Pl. and Pr. 671. The trial judge having erred as to the controlling question involved in the cross-bill, the judgment on the cross-bill will be reversed, and the main bill will be dismissed without prejudice to the parties, as to questions of law involved.

*Judgment on the cross-bill reversed; the main bill is dismissed without prejudice.*