### 3385. DOUGLAS, AUGUSTA & GULF RAILWAY COMPANY *v.* PENNINGTON & EVANS.

The effect of the rulings of this court upon the bill of exceptions and the cross-bill when the case was here before was to finally dispose of the case then pending; and consequently all the orders of the lower court looking to the perfecting of service by publication subsequently to the judgment making the remittitur the judgment of that court were nugatory and void.

DECIDED JANUARY 15, 1912.

Action for penalty; from city court of Douglas—Judge McDonald. March 2, 1911.

*William H. Barrett, Quincey & McDonald,* for plaintiff in error.

*Spencer R. Atkinson, Hendricks & Christian,* contra.

RUSSELL, J. This case came to this court at the October term, 1907, and the decision will be found in 3 *Ga. App.* 665 (60 S. E. 485). Afterwards the case came before us again, on bill and cross-bill of exceptions, and the judgment of the court below was reversed, because we held that the action should have been dismissed for lack of service. 6 *Ga. App.* 854 (65 S. E. 1084). The cross-bill of exceptions was dismissed because of the dismissal of the main bill. In the latter judgment, upon motion of counsel, this court directed that, since the trial court was without jurisdiction, on account of lack of service, to deal with the case in any way, the order of the lower court in sustaining the demurrer and dismissing the action should, for the same reason, be vacated. There is nothing in the ruling upon the cross-bill in conflict with the ruling upon the main bill. In ruling upon the main bill we ruled that the lower court should have dismissed the action because of lack of service, and, of course, if the action should have been dismissed for lack of service, any ruling on demurrer, in advance of service of the petition, was nugatory and void. The sole purpose of giving the direction which was entered was to allow the plaintiffs, if they desired, to recommence their suit, "without prejudice to the parties

as to the questions of law involved," and these words were used in the formal judgment of the court. After the remittiturs from this court were returned and made the judgment of the lower court, that court ordered service to be perfected by publication, and thereafter passed other orders to that end, one extending the time in which publication might be completed, and another declaring that service had been perfected by publication. The effect of our decisions was to give the plaintiff, if we could, an opportunity of commencing a new suit which would not be prejudiced by any prior ruling upon any of its features; but, so far as the judgments of this court themselves are concerned, it is very evident that they resulted in putting the case then pending entirely out of court and finally disposing of it. For this reason the court erred in holding that service had been legally perfected. No case was pending in which service could be perfected. The judgment of the city court of Douglas itself, making the judgment upon the remittitur the judgment of that court, had ordered the action dismissed.

*Judgment reversed.*