22858. SPENCE *v.* MANUFACTURERS FINANCE ACCEPTANCE CORPORATION.

DECIDED AUGUST 18, 1933.

*J. K. Jordan,* for plaintiff.  *Gunn & Hardell,* for defendant.

JENKINS, P. J. ■ "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits." Civil Code (1910), § 5566. Where a traverse of a sheriff's return of service was filed on the 4th of January (being the first Monday), 1932, and it was alleged on oath that the traverse was presented "at the first term of said court after notice to it of the entry of service purporting to show defendant legally served in Fulton county, Georgia," and the record and return of service show that the return was made on October 21, 1931, after the filing of the suit and issuance of process on October 20, 1931, which was not returnable until the first Monday in January, 1932, the traverse was not subject to dismissal on mere motion as being filed too late and as not containing sufficient allegations to show that it was filed in due time. The general averments were not mere conclusions of law, and were a sufficient compliance with the statute. *Dozier* v. *Lamb,* 59 *Ga.* 461, 464; *Parker* v. *Rosenheim,* 97 *Ga.* 769 (2), 771 (25 S. E. 763).

■ The language "at the first term after notice of such entry is had by him," in the above-cited code section relating to traverses, will be construed to mean that a traverse need not be filed before the appearance or return term to which the suit is filed (as required under the process issued in the case), and that if the traverse is not filed until subsequently, it must be filed at the first term of the court after the defendant has notice of such entry. A defendant who has been "served with petition and process" is required to

"appear at *the court to which such process is made returnable,* and make his defense in writing," upon penalty of a default. Civil Code, §§ 5635, 5653 et seq. Under section 5641, all dilatory pleas "must be filed at the *first term.*" This, for "dilatory pleas," is the *"appearance term,"* as fixed by the original process, or as made the "appearance term" under later order of the court fixing a time for the defendant's appearance. *Hall* v. *Tiedeman,* 141 *Ga.* 602 (2), 603 (81 S. E. 868). Since, under none of the statutes regulating the time for appearance and defense of a defendant who has been lawfully served with process, is he required to appear before the return term as fixed by the process, the statute regulating the time for a traverse of service by a defendant who has not been lawfully served will not be construed to compel his appearance before at least such "appearance term," as is required by the original process. If this "appearance term" should be extended by an amended or new process or subsequent order of the court, whether or not a defendant traversing the return of service would be entitled to the benefit of such additional time without a special showing that such later term, at which he specially appears, is in fact the "first term after notice to him of such entry" of service, will not be now determined, as the instant case involves only the original process, and there was no extension of time for appearance as therein fixed, either by any new or amended process or order of the court. See generally *Kahn* v. *Southern Building & Loan Asso.,* 115 *Ga.* 459 (2) (41 S. E. 648); *Brinson* v. *Ga. R. Co.,* 45 *Ga. App.* 459 (6, 7), 462 (165 S. E. 321); *Schermerhorn* v. *National Fire Ins. Co.,* 38 *Ga. App.* 470 (144 S. E. 395). The instant traverse was not subject to dismissal at the trial, or to a judgment for the plaintiff on the facts, upon the ground that it was not filed during the term preceding the appearance term as fixed by the original process on which the return was made.

■ While it is true that, under section 2258 of the Civil Code, "a foreign corporation doing business in this State and having agents located therein for this purpose may be sued and served in the same manner as domestic corporations, upon any transitory cause of action" (*Reeves* v. *So. Ry. Co.,* 121 *Ga.* 561, 564) (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), and that by such statute service of process in a suit against any such foreign or domestic corporation "may be perfected by serving any officer or

agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation," within the jurisdiction of the court, yet it is also true, under the statute, that where it is sought to effect service of such process upon a corporation by leaving it "at the place of transacting the usual and ordinary public business of such corporation," the place of service must be in fact such a place of business, and where it is sought to effect such service by serving "an agent, the agent must at the time of the service be its agent." *Pennington* v. *Augusta &c. Ry. Co.,* 6 *Ga. App.* 854, 856 (65 S. E. 1084). "Service upon an agent of an agent has been held insufficient" (14-A C. J. 1410); and this is the rule, unless the agent served was designated such agent by an agent of the corporation himself expressly or impliedly authorized by his principal to make such appointment. In accordance with these principles, the trial court did not err, under the evidence, in directing a verdict in favor of the defendant, sustaining its traverse. The return purported to show that on October 21, 1931, the defendant corporation was served "by serving R. I. Ray, their atty., by leaving a copy of the writ and process with him at the office and place of doing business of said corporation." It appears from the evidence that the place of service was not "an office and place of doing business" of the defendant, but the office of a firm of lawyers; that on December 30, 1930, the defendant, because of insolvency, discontinued its own business of discounting commercial paper and buying tax executions, and went into liquidation, and on April 30, 1931, abandoned its former Atlanta office in another building, and terminated the services of Ray, the person served as agent or attorney, who was formerly its collecting agent; that thereafter Ray was paid no salary or commissions by the defendant, was not connected with it in any capacity, but was employed solely by and received compensation only from the attorneys as their employee; that in October, 1931, the defendant executed a "limited power of attorney" to this firm, "to act in all matters pertaining to the liquidation of tax fi. fas. and tax deeds only;" that while Ray had collected moneys belonging to the defendant, he did not account to it, but only to his employers, for whom he was acting in doing not only this but other work. While there was evidence that the corporate name of the defendant was in the telephone book, with a number separate from that of the attorneys, which was

maintained for convenience in answering calls and collecting tax fi. fas., this telephone was in the offices of the attorneys. It does not appear that the defendant expressly or impliedly authorized the maintenance of such telephone in its name, or that it continued for itself to transact business either at its former office or at the offices of the attorneys, or that it expressly or impliedly authorized such attorneys (if under the evidence they themselves could be taken as agents of the defendant) to designate Ray as its agent, or as its "attorney" as the return of service recites.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*