Annie J. MAY, individually and as administratrix of the estate of her natural son, a minor, and Devon A. Williams, deceased, Plaintiffs,

v.

VOLKSWAGEN OF AMERICA, INC., and Volkswagenwerk Aktiengesellschaft, Inc., Defendants.

No. 1:88–CV–2714–HTW.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 4, 1989.

Fred A. Gilbert, Decatur, Ga., R. Ben Hogan, Birmingham, Ala., and John E. Talmadge, East Point, Ga., for plaintiffs.

Richard K. Hines, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This matter is pending before the court on the motion by defendant Volkswagenwerk Aktiengesellschaft (hereinafter VWAG) to dismiss plaintiffs' motion for default judgment.

The complaint was originally filed in Fulton Superior Court. It named as defendants VWAG and its wholly-owned subsidiary Volkswagen of America, Inc. (hereinafter VWoA).[1] The summons and complaint were served by a deputy sheriff upon an employee of CT Corporation System. Defendant VWAG has submitted affidavits which indicate that CT Corporation is the authorized agent for service upon VWoA. However, CT Corporation and VWAG aver that VWAG has never authorized CT Corporation to receive process on its behalf. A CT Corporation employee avers that the deputy sheriff who served the complaints was informed that CT Corporation could accept process for VWoA but was not authorized to accept process for VWAG, however the deputy sheriff left both copies of the complaint with them anyway. CT Corporation forwarded the papers it had received to VWoA.

VWoA filed a timely answer to the complaint. VWAG, however, did not. Plaintiffs moved for entry of a default judgment against VWAG. VWAG filed its motion to dismiss plaintiffs' motion for default judgment, and, while the motion was pending, defendants removed the action to this court. VWAG argues that it did not default, as there was no valid service of process upon it.

Georgia law provides that when an action is brought against a foreign corporation which is "doing business and having a managing or other agent, cashier, or secretary within this state," service is made "to such agent, cashier, or secretary or to an agent designated for service of process." O.C.G.A. § 9–11–4(d)(2) (Michie Supp.1988); *see also* O.C.G.A. § 14–2–62 (Michie 1982). Here, service was made upon an entity authorized to accept service for a wholly-owned subsidiary of the defendant—an agent of VWAG's agent, in effect. Unfortunately, precedential authority concerning whether such service of process is valid under Georgia law is sparse. The only authority which appears to address a situation close to the one presented here is the case of *Spence v. Manufacturers Finance*

---

1. A third defendant was named, but was later voluntarily dismissed.

*Acceptance Corp.,* 47 Ga.App. 356, 170 S.E. 533 (1933). In *Spence,* the Georgia Court of Appeals held that service upon an agent of an agent was insufficient, "unless the agent served was designated such agent by an agent of the corporation himself expressly or impliedly authorized by his principal to make such appointment." *Id.* at 359, 170 S.E. 533.

Although the sparsity and age [2] of existing Georgia precedent leaves the question open to doubt, it appears under Georgia law that service upon the designated agent of an agent does not, ordinarily, constitute sufficient service upon the principal. Although *Spence* recognized an exception to this general principle for situations in which the principal has authorized its agent to designate an agent who will accept process for the principal, no demonstration has been made in this case that VWoA designated CT Corporation to act as the designated agent of VWAG.

Plaintiffs argue that this type of service of process was recently found to be adequate in *Volkswagenwerk Aktiengesellschaft v. Schlunk,* — U.S. —, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). In *Volkswagenwerk,* a plaintiff who had brought suit in an Illinois state court attempted to perfect service on VWAG by serving VWoA's registered agent for service. The state trial and appellate courts found that this service was adequate under Illinois law, reasoning that "VWoA and VWAG are so closely related that VWoA is VWAG's agent for service of process as a matter of law, notwithstanding VWAG's failure or refusal to appoint VWoA formally as an agent." The state court also held that such service did not violate the Hague Service Convention. The U.S. Supreme Court granted certiorari to review the state court's interpretation of the Hague Service Convention and held that the Convention did not preempt such state-authorized methods of service as the ones used in the case before it. The Court concluded that, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* 108 S.Ct. at 2112.

Although *Volkswagenwerk* involved the same defendants as the defendants in this matter, its holding does not show that service in this case was sufficient. As the court has noted, a critical element in the *Volkswagenwerk* decision was that service had been found to be adequate under the applicable state law. In this case, it appears that service was not adequate under the applicable state law.

The court therefore finds that defendant VWAG has not received adequate service of process. Plaintiffs are accordingly not entitled to entry of a default judgment. *See* O.C.G.A. § 9–11–55(a) (Michie 1982).

It is hereby ORDERED that defendant VWAG's motion to dismiss plaintiffs' motion for entry of default is GRANTED. It is further ORDERED that plaintiffs shall have a period of sixty (60) days in which to attempt to perfect service of process upon defendant VWAG.

SO ORDERED.

---

**2.** As plaintiffs note, the section of the Georgia Code which was interpreted in *Spence* has been superceded by O.C.G.A. § 14–2–62 (Michie 1982). However, the differences between the statutory language considered in *Spence* and that of the sections now applicable do not appear material to the question of whether this particular type of service is adequate.