A98A0714. ROVEMA VERPACKUNGSMASCHINEN GmbH et al.
v. DELOACH et al.
(500 SE2d 647)

JOHNSON, Judge.

We granted the interlocutory application of Rovema Verpackungsmaschinen, GmbH ("Rovema GmbH"), a German corporation. Rovema GmbH contends the trial court erred in denying its motion to

dismiss Robert and Charlise Deloach's motion for entry of default judgment against it based on lack of service. We agree.

Defendant Rovema Corporation ("Rovema Corp.") is a Georgia corporation and a wholly owned subsidiary of Rovema GmbH. Defendant Rovema Packaging Machines, L.P. ("Rovema L.P.") is a Georgia limited partnership owned by Rovema Corp. and a German citizen. Robert Deloach was injured by a machine manufactured by Rovema GmbH and sold by Rovema Corp. He and his wife brought suit against Rovema GmbH, Rovema L.P., and Rovema Corp. In their complaint, the Deloaches acknowledged that Hans Michael Kraus is the registered agent for Rovema Corp. and Rovema L.P., but that the registered agent for Rovema GmbH was unknown.

The Deloaches served Rovema Corp. and Rovema L.P. by serving Kraus. Both Rovema Corp. and Rovema L.P. filed answers. The Deloaches also attempted to serve Rovema GmbH by serving Kraus. Rovema GmbH, however, did not answer. The Deloaches moved for default judgment against Rovema GmbH. Rovema GmbH specially appeared and moved to dismiss the Deloaches' motion for default judgment or, in the alternative, to open the default on the basis that it had not been served. The trial court denied the motion to dismiss and granted Rovema GmbH's motion to open the default. Essentially, the trial court ruled that service of process on a foreign corporation may be perfected via service on the registered agent of a wholly owned domestic subsidiary of that foreign corporation, even though the subsidiary is not otherwise an agent for service of process of the foreign-national parent corporation. Rovema GmbH appeals. We reverse.

It is undisputed that Rovema GmbH has no agent for service of process in Georgia and has never directed Rovema Corp., Rovema L.P. or Kraus to accept service of process on its behalf. However, the Deloaches contend that service upon the registered agent for Rovema L.P. and Rovema Corp. effected service on Rovema GmbH.

Georgia law directs that when an action is brought against a foreign corporation which is "doing business and having a managing or other agent, cashier, or secretary within this state," service is made "to such agent, cashier, or secretary or to an agent designated for service of process." OCGA § 9-11-4 (d) (2); see also OCGA § 14-2-504. However, OCGA § 9-10-94 directs that foreign corporations not registered to do business but nonetheless subject to Georgia's long-arm jurisdiction "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." The Deloaches attempted to serve Rovema GmbH as a corporation

doing business in Georgia under OCGA § 9-11-4 (d).

There apparently is no Georgia appellate decision regarding whether Georgia law permits service upon the agent of a wholly owned domestic subsidiary of a foreign corporation — an agent of the subsidiary's agent. However, a federal case applying Georgia law decided by the U. S. District Court for the Northern District of Georgia is virtually identical. In *May v. Volkswagen of America*, 125 FRD 521 (N.D. Ga. 1989), the plaintiffs sued the German parent corporation, Volkswagenwerk Aktiengesellschaft (VWAG), and its wholly owned subsidiary, Volkswagen of America, Inc. (VWA). The summons and complaint were served on CT Corporation System, the authorized agent for service for VWA. CT Corporation and VWAG averred that VWAG had never authorized CT Corporation to receive process on its behalf. VWAG did not answer the complaint, and the plaintiffs moved for entry of default judgment. As here, the foreign parent corporation moved to dismiss the plaintiffs' motion for default judgment, arguing that there was no valid service of process.

The district court cited *Spence v. Manufacturers Finance Acceptance Corp.*, 47 Ga. App. 356, 358 (3) (170 SE 533) (1933), as the only Georgia case addressing the issue. In *Spence*, this Court held that service upon an agent of an agent was insufficient, "unless the agent served was designated such agent by an agent of the corporation himself expressly or impliedly authorized by his principal to make such appointment." Id. at 359. As in *May*, no demonstration has been made in the present case that Rovema GmbH designated Rovema Corp., Rovema L.P. or Kraus to act as its agent for service of process.

The Deloaches argue that *Spence* is antiquated and that the U. S. Supreme Court more recently found this type of service of process to be adequate in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U. S. 694 (108 SC 2104, 100 LE2d 722) (1988). This same argument was decided adversely to the Deloaches in *May*, where the district court observed that a critical element in the *Schlunk* decision was that the Illinois long-arm statute authorized the plaintiff to serve the foreign parent corporation by substituted service on the domestic subsidiary without sending documents to the foreign country where the parent corporation resided (*Schlunk*, 486 U. S. at 706). However, relying on *Spence*, the district court concluded that this type of service was inadequate under Georgia law. *May*, supra at 522.

We find the *May* decision persuasive. Neither Georgia's general service of process statute (OCGA § 9-11-4) nor the corporate service statute (OCGA § 14-2-504) authorizes service on an agent of a domestic subsidiary as constituting proper service on the foreign parent corporation. The Deloaches could have served Rovema GmbH pursuant to the Hague Convention or pursuant to any other acceptable means under Georgia law (e.g., serving the registered agent of

Rovema GmbH or its corporate secretary at its principal office pursuant to OCGA § 14-2-504), but failed to do so. Thus, the trial court erred in denying Rovema GmbH's motion to dismiss the Deloaches' motion for entry of default judgment.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 14, 1998 —

*Hunter, Maclean, Exley & Dunn, Robert S. Glenn, Jr., Robert E. Spears, Jr.*, for appellants.
*Cletus W. Bergen II*, for appellees.