A99A2431. DeLOACH et al. v. ROVEMA CORPORATION et al.
(527 SE2d 882)

PHIPPS, Judge.

This product liability case concerns the duty of a product seller to warn of product-related dangers which become known after the sale of the product.

Robert DeLoach, a mechanic employed by Tetley Tea Company,

severely injured his hand while performing maintenance on a tea-bagging machine manufactured by Rovema Verpackungsmaschinen, GmbH ("Rovema GmbH"). DeLoach and his wife brought this action seeking damages against the manufacturer for personal injuries and loss of consortium. Rovema Packaging Machines, L.P. ("Rovema L.P.") and Rovema Corporation were later added as party defendants in their capacities as successors to the corporation which sold and was responsible for servicing the tea-bagging machine. The DeLoaches appeal the trial court's grant of summary judgment to Rovema L.P. and Rovema Corporation, arguing that there are triable issues concerning their claim for negligent failure to warn of a defect in the machine which became known to these defendants after the machine was sold.

Rovema GmbH, a German corporation, manufactured the subject tea-bagging machine in 1984. A Georgia corporation known as Rovema, Inc. sold the machine to Tetley the same year. Rovema, Inc. was engaged in both the sale and servicing of Rovema equipment. In 1989 or 1990, Rovema, Inc. was split into Rovema Corporation and Rovema L.P. Rovema Corporation, a Georgia corporation and wholly owned subsidiary of Rovema GmbH, now services machines manufactured by Rovema GmbH. Rovema L.P., a Georgia limited partnership partially owned by Rovema Corporation, sells Rovema machines. Prior to DeLoach's accident in 1992, Rovema Corporation performed no service, repair, or maintenance on the machine at issue, although it responded to questions from Tetley concerning use of the machine.

Evidence presented by the defense shows that the tea-bagging machine is intended to be operated in a "run mode" and serviced in a "jog mode." If the safety door is opened while the machine is in the run mode, a reversing mechanism causes the machine to stop. But when the jog mode is activated through a jog switch, the reverse mechanism is bypassed, and the machine goes into an operational cycle while the safety door is open thereby opening or closing a set of 430-degree heat-sealing jaws.

While attempting to clear a paper jam in the machine, DeLoach sustained severe cut and burn injuries to his hand resulting in the amputation of four fingers. He had pulled the paper through the open heat-sealing jaws and then pressed the jog switch, causing the jaws to close. He mistakenly believed that his fingers were clear of the jaws. DeLoach knew that pressing the jog switch with the safety door open would cause the jaws to close. And he was aware of the resulting danger, as he knew of others who had been injured in similar mishaps.

Among other things, plaintiffs claim that the manufacturer's failure to install a safety device that would automatically close the

jaws when the doors of the machine were open during a paper jam or other malfunction resulted in a dangerous condition constituting a product defect. But only a manufacturer is strictly liable for product defects,[1] and the plaintiffs' action against the manufacturer was dismissed for insufficient service of process.[2] Plaintiffs assert that Rovema Corporation and Rovema L.P. are liable for failure to warn of the dangerous condition because they acquired knowledge of it as a result of a similar accident involving an employee of Tyco Toy Manufacturing Company in New Jersey in 1987 or 1988.

Georgia law recognizes a manufacturer's duty to warn consumers of danger arising from the use of a product based on knowledge acquired after the product is sold.[3] But Georgia law imposes a duty on a seller to warn only of dangers actually or constructively known at the time of the sale.[4]

In reliance on *Corbin v. Farmex*'s[5] approving citation to § 13 of the Restatement of Torts, 3rd, Product Liability, the DeLoaches argue that the seller's duty to warn of product defects has been extended beyond the time of sale. Section 13 does provide authority for imposing liability where the successor of a product seller undertakes or agrees to provide maintenance or repair services and fails to warn of a product-related risk. But under § 13, no warning is required unless, among other things, the successor knows or reasonably should know that the product poses a substantial risk of personal or bodily harm,[6] and those to whom a warning might be provided can reasonably be assumed to be unaware of the risk of harm.[7] The evidence here shows without dispute that DeLoach was aware of the risk that resulted in his injuries. Consequently, any breach of a duty to warn him could not have been the proximate cause of such injuries. Moreover, *Corbin* cited § 13 of the Restatement in the context of a case in which the plaintiffs were seeking to hold the defendant liable in its capacity as a successor to a company which both manufactured and sold the product. *Corbin* found no breach of a duty to warn because there was no evidence that the defendant knew or reasonably should have known of the product defect. *Corbin* should

---

[1] See OCGA § 51-1-11 (b) (1); *Farmex v. Wainwright*, 269 Ga. 548, 549 (501 SE2d 802) (1998).

[2] See *Rovema Verpackungsmaschinen GmbH v. DeLoach*, 232 Ga. App. 212 (500 SE2d 647) (1998).

[3] See OCGA § 51-1-11 (c); *Chrysler Corp. v. Batten*, 264 Ga. 723 (1), (4) (450 SE2d 208) (1994).

[4] *Everhart v. Rich's, Inc.*, 229 Ga. 798, hn. 1 (194 SE2d 425) (1972); *Bishop v. Farhat*, 227 Ga. App. 201, 206 (6) (489 SE2d 323) (1998) and cits.

[5] 227 Ga. App. 620, 624 (2) (490 SE2d 395) (1997), rev'd on other grounds, *Farmex v. Wainwright*, supra.

[6] Section 13 (b) (1).

[7] Section 13 (b) (2).

not be read as erecting a post-sale duty to warn on the part of either a product seller or its successor.

Rovema Corporation and Rovema L.P. were thus entitled to summary judgment.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 12, 2000.

*Cletus W. Bergen II*, for appellants.

*Hunter, Maclean, Exley & Dunn, Robert S. Glenn, Jr.*, for appellees.