[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14823
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00540-TWT



IRVIN R. LOVE, JR.,

Plaintiff - Appellant,

versus


WEECOO (TM),
PANDA TOWN,
SHENZHEN FEST TECHNOLOGY CO., LTD.,
SHENZHEN MATRIX BATTERY CO., LTD.,
SHENZHEN RICHEST ENERGY CO., LTD., et al.,

Defendants,


AMAZON.COM, INC.,

Defendant - Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

(May 16, 2019)


Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.


PER CURIAM:


In this diversity action, Plaintiff Irvin Love, Jr. appeals the district court's dismissal -- for failure to state a claim -- of Plaintiff's state law tort claims against Defendant Amazon.com, Inc. ("Amazon").  Reversible error has been shown; we reverse, vacate the judgment, and remand for further proceedings.

On 22 November 2015, Plaintiff purchased a hoverboard through Amazon's website ("Hoverboard").  The Hoverboard was manufactured in China and was powered by a lithium-ion battery.  The Hoverboard's packaging contained no warnings about potential fire risks.  Nor did Amazon warn Plaintiff about potential fire risks associated with the Hoverboard.  On 5 February 2016, the Hoverboard started a fire at Plaintiff's home.  As a result of the fire, Plaintiff's home was destroyed; and Plaintiff sustained severe injuries.

2

Plaintiff filed this civil suit against several defendants involved in the manufacture, importation, advertisement, and sale of the Hoverboard.  Pertinent to this appeal, Plaintiff alleged against Amazon claims under Georgia law for negligence, negligent failure-to-warn, and for punitive damages.  Briefly stated, Plaintiff alleged that Amazon was negligent for continuing to advertise and to sell Chinese-manufactured hoverboards -- despite knowing that the boards were likely to cause fires -- and was negligent for failing to warn Plaintiff of the known safety risks associated with the Hoverboard.

The district court granted Amazon's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  The district court determined that Plaintiff's claims for negligence and for failure-to-warn were subject to dismissal because Plaintiff had failed to allege enough facts to show that Amazon had actual or constructive knowledge that the Hoverboard was dangerous at the time of sale. The district court also dismissed Plaintiff's claim for punitive damages, concluding that the claim was derivative of Plaintiff's underlying tort claims and that Plaintiff failed to allege facts sufficient to support such an award.  Upon Plaintiff's motion,

3

the district court certified the interlocutory order and entered final judgment

dismissing Amazon as a defendant.[1]  This appeal followed.

"We review de novo the district court's grant of a Rule 12(b)(6) motion to

dismiss for failure to state a claim, accepting the complaint's allegations as true

and construing them in the light most favorable to the plaintiff."  Chaparro v.

Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012).

Rule 8 requires that a complaint include "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)

(the plausibility standard "calls for enough fact to raise a reasonable expectation

that discovery will reveal evidence" of the defendant's liability).  This standard "is

not akin to a probability requirement," but it demands "more than a sheer

possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678

---

[1] Plaintiff's civil action continued against the remaining named defendants.

4

(quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

As noted by the district court, whether Amazon knew or should have known that the Hoverboard was dangerous at the time of sale is an element essential to Plaintiff's claims for negligence and for negligent failure-to-warn.  Under Georgia law, negligence is defined as engaging in conduct that is "unreasonable in light of the recognizable risk of harm."  Youngblood v. All Am. Quality Foods, Inc., 792 S.E.2d 417, 421 (Ga. Ct. App. 2016).  A seller of a product may be liable under a negligent failure-to-warn theory "if, at the time of the sale, it had actual or constructive knowledge that its product created a danger for the consumer."  Bishop v. Farhat, 489 S.E.2d 323, 328 (Ga. Ct. App. 1997) (quotations omitted); Gutierrez v. Hilti, Inc., 824 S.E.2d 391, *7 (Ga. Ct. App. 2019) ("the seller of potentially dangerous goods has a duty to warn the purchaser of that danger at the time of sale and delivery").  A "seller is required to warn if he has knowledge, or by the application of reasonable, developed human skill and foresight should have

5

knowledge of the danger." Bishop, 489 S.E.2d at 328 (quotations and alteration omitted).

Accepting Plaintiff's factual allegations as true and construing them in Plaintiff's favor, Plaintiff alleged enough facts from which one may infer reasonably that Amazon had at least constructive knowledge of the potential risk of fire associated with the Hoverboard. The complaint contains more than just "bare assertions" that Amazon "knew or should have known" about the risk of fire; Plaintiff provided additional "factual content" to support that allegation. See Iqbal, 556 U.S. at 678, 681. Plaintiff alleged that several fires had been caused by "lithium-ion battery powered hoverboards manufactured in China," including by the same model as Plaintiff's Hoverboard. More important, Plaintiff alleged that when Amazon sold the Hoverboard to Plaintiff, Amazon had already been sent written notification of four specific fires that had been caused by hoverboards sold by Amazon.[2] Plaintiff also alleged that thousands of hoverboards had been seized by United States custom authorities based on concerns about the hoverboards' "potentially explosive lithium batteries."

---

[2] Plaintiff also identified five written notifications dated after Plaintiff's Hoverboard purchase on 22 November 2015. Under Georgia law, a seller has no duty to warn of dangers discovered post-sale. See DeLoach v. Rovema Corp., 527 S.E.2d 882, 883 (Ga. Ct. App. 2000).

Amazon contends that Plaintiff provided too little detail about the written notifications to Amazon to satisfy the pleading minimum. Under the circumstances of this case, we disagree. Given Plaintiff's allegations of a defect common to all Chinese-manufactured hoverboards containing lithium-ion batteries, we cannot say that Plaintiff's allegations about the four pre-sale written notifications (although the allegations are silent about the models of hoverboards involved in the fires) are insufficient -- as a matter of law -- to establish Amazon's actual or constructive knowledge. For instance, in Bishop, the Georgia appellate court noted that a seller's constructive knowledge might be inferred from evidence that the seller knew about complained-of defects in a competitor's product. See 489 S.E.2d at 328-39 (concluding that a seller of latex gloves was unentitled to summary judgment on a negligent failure-to-warn claim based on evidence that the seller had received complaints about other brands of latex gloves and based on medical literature documenting the dangers of latex allergies).

We also reject for now Amazon's assertion that the dates of the alleged written notifications to Amazon were too close in time to Plaintiff's purchase of the Hoverboard to trigger Amazon's duty to warn. The time-insufficiency of the written notifications is not so obvious that it can be decided on this motion to dismiss.

7

At this stage of the proceedings, we conclude that Plaintiff has alleged enough facts to state plausibly that Amazon had actual or constructive knowledge that the Hoverboard posed a risk of fire at the time of Plaintiff's purchase. Accordingly, we vacate the district court's order dismissing Plaintiff's claims against Amazon, reverse the district court's grant of Amazon's motion to dismiss, and remand for further proceedings. We make no determination about the ultimate merit of Plaintiff's claims against Amazon or whether Amazon before trial may be entitled to judgment on a fuller record.

REVERSED, VACATED, AND REMANDED.

8